UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

**UNITED STATES OF AMERICA,**

Plaintiff,

v.

**QUIRNO PAUL CHAVEZ CAMBERO,**

Defendant.

Criminal No. 05-066 (MJD/JGL)

**REPORT AND RECOMMENDATION**

---

APPEARANCES

Lisa Kirkpatrick, Esq., Assistant United States Attorney, on behalf of Plaintiff United States of America

Lyonel Norris, Esq., Assistant Federal Public Defender, on behalf of Quirno Paul Chavez Cambero

---

JONATHAN LEBEDOFF, Chief United States Magistrate Judge

The above-entitled matter came on for hearing before the undersigned Chief Magistrate Judge on April 14, 2005 on Motions by Defendant and the Government. The matter is scheduled to be tried before the Honorable Michael J. Davis beginning on May 23, 2005. The case has been referred to the undersigned for resolution of pretrial matters pursuant to 28 U.S.C. § 636(b)(1) and D. Minn. LR 72.1.

## I.   INTRODUCTION

On February 10, 2005, Defendant Quirno Paul Chavez Cambero

was indicted on one charge of Possession with Intent to Distribute fifty grams or more of a mixture and substance containing a detectable amount of methamphetamine. A Superseding Indictment followed on April 5, 2005, charging Defendant with a single count of Possession with Intent to Distribute fifty grams or more of actual methamphetamine, in contravention of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A).

A pretrial motions hearing was held on April 14, 2005 before this Court. Defendant was present and represented by counsel. Additionally, a Spanish language interpreter translated the proceedings for Defendant Cambero's benefit. No exhibits were admitted into evidence at the hearing. One witness testified: Minneapolis Police Officer Luis Porris.

Defendant requested permission to file s post-hearing memorandum, as did the Government. Each party's additional memorandum was due Thursday, April 21, 2005. This Report and Recommendation addresses Defendant's single dispositive Motion, while the Government's and Defendant's non-dispositive Motions are addressed in an accompanying Order.

## II.   DISCUSSION

Defendant filed a boilerplate Motion to suppress all statements, admissions, and answers made by him prior to, at the time of, or subsequent

to his arrest.  (Def.'s Mot. Suppress at 1.)  At the pretrial motions hearing, the parties represented that a single statement by Defendant remains at issue.

Minneapolis Police Officer Porris testified at the hearing that on February 9, 2005, Defendant Cambero was arrested at a bus station and taken to a police station.  Defendant was led to an interview room, where he was shackled about the ankles but was not handcuffed.  Officer Porris averred that no one had spoken to Defendant until he did, because Defendant speaks only Spanish and Officer Porris was the only Spanish-speaking officer available.

Officer Porris stated that he entered the interview room and identified himself in Spanish.  The officer testified that Defendant then spontaneously asked why he was being "held."  Officer Porris answered by explaining that he was a Minneapolis Police Officer and that Defendant Cambero had been arrested for transporting narcotics in his backpack.  The officer also told Defendant that a search warrant was being drawn for the backpack.

Reportedly, in response, Defendant spontaneously stated that knew nothing about narcotics and was in the area to pick up a car.  At that time, Officer Porris read Defendant his <u>Miranda</u> warnings from a card.  In response, Defendant inquired as to whether he would have to pay for an attorney to represent him.  When the officer told him that an attorney would

-3-

be provided for his defense free of charge, Defendant Cambero ended the interview by stating that he wanted an attorney present.  Officer Porris testified that the entire exchange was exclusively in Spanish and took less than five minutes in total.

Although both the Government and Defendant had indicated that they would brief this suppression issue after the hearing, this Court received a letter from each counsel stating that the parties would rest on the record. (Ltr. of Apr. 21, 2005 from Lyonel Norris to Court; Ltr. of Apr. 21, 2005 from Lisa Kirkpatrick to Court.)

A suspect must be informed of his constitutional rights to remain silent and to be represented by counsel prior to a custodial interrogation. Miranda v. Arizona, 384 U.S. 436, 473 (1966).  The Government may not introduce statements from a custodial interrogation unless Miranda warnings were properly given.  See id. at 479.  The Court finds that, here, Officer Porris's exchange with Defendant occurred in a custodial setting, as Defendant was at the police station, under formal arrest at the time.  The only issue is whether the officer engaged in interrogation of Defendant prior to administering the Miranda warning, such that Defendant's statements that he was merely in the area to pick up a car and knew nothing about narcotics should be suppressed.

Interrogation is generally defined as direct questioning or the functional equivalent.  Rhode Island v. Innis, 446 U.S. 291, 300-01 (1980). Interrogation is not limited to explicit questioning, but also includes "any words or actions on the part of the police . . . that the police should know are reasonably likely to elicit an incriminating response from the suspect."  Id. at 301.  A police officer's response to a direct inquiry by a suspect does not constitute "interrogation."  United States v. Briggs, 273 F.3d 737, 740 (7th Cir. 2001) (surveying cases).  If a suspect makes a statement in response to some words or actions by the police that do not constitute interrogation, or if the suspect initiates further communications, the police are not prohibited from merely listening to his voluntary statement.  Id.  Voluntary statements that are not the result of interrogation do not require Miranda warnings.  Miranda, 384 U.S. at 478.  "Interrogation, as conceptualized in the Miranda opinion, must reflect a measure of compulsion above and beyond that inherent in custody itself."  Butzin v. Wood, 886 F.2d 1016, 1018 (8th Cir. 1989) (quoting Innis, 446 U.S. at 300).

The Court recommends that Officer Porris did not engage in interrogation by telling Defendant why he was under arrest and that a search warrant was being drawn for his backpack in response to Defendant's direct question as to why he was being held.  Such statements are not the sort that

-5-

an officer should know would be "reasonably likely to elicit an incriminating response from the suspect." Innis, 446 U.S. at 301. Additionally, Officer Porris's statements in response to Defendant's question do not "reflect a measure of compulsion above and beyond that inherent in custody itself." Innis, 446 U.S. at 300; Butzin, 886 F.2d at 1018. Hence, the Court finds that the statements by Defendant Cambero were voluntary. As the statements were not the product of custodial interrogation, no prior Miranda warning was required. See Miranda, 384 U.S. at 478. Because the Court sees no reason to suppress the statements by Defendant Cambero, it recommends that his Motion to Suppress be denied.

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that Defendant's Pretrial Motion to Suppress Statements, Admissions and Answers (Doc. No. 18) should be **DENIED**.

Dated: April, 22 2005

                                 s/ Jonathan Lebedoff
                                 JONATHAN LEBEDOFF
                                 Chief United States Magistrate Judge

Pursuant to D. Minn. LR 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties

by May 11, 2005, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof.  A party may respond to the objecting party's brief within ten days after service thereof.  All briefs filed under this rule shall be limited to ten pages.  A judge shall make a de novo determination of those portions to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Circuit Court of Appeals.  Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed within ten days a complete transcript of the hearing.